[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14149
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 97-07382-CV-DLG

DONALD MORRIS,

Petitioner-Appellant,

versus

JAMES CROSBY,
Secretary Florida Department of Corrections,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(June 23, 2005)

Before ANDERSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Donald Morris, a state prisoner, through counsel, appeals the denial of his

petition for writ of habeas corpus, which was brought pursuant to 28 U.S.C.

§ 2254. Morris, who presently is serving two life sentences and two seven-year sentences for his 1994 convictions for sexual battery and indecent assault, represented himself at trial. Following exhaustion of his state remedies, Morris filed the instant § 2254 petition, arguing, inter alia, that his Sixth and Fourteenth Amendment rights were violated when he was allowed to represent himself at trial.

On appeal, Morris argues that the statements that he made regarding his desire to represent himself were equivocal, as he only was presented with a choice between being represented by counsel from the Public Defender's ("PD's") Office, whom he felt was incompetent, and representing himself. Morris next argues that, even assuming that he made an unequivocal request to represent himself, his waiver of the right to counsel was not knowing, voluntary, and intelligent for a variety of reasons related to his education and lack of familiarity with the court system.

We review de novo the denial of a § 2254 petition. Sims v. Singletary, 155 F.3d 1297, 1304 (11th Cir. 1998). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), § 2254(d) forbids federal courts from granting habeas relief on claims that previously were adjudicated in state court, unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application also is objectively unreasonable.  Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1850 (2002).  Additionally, § 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

"The Sixth and Fourteenth Amendments of [the] Constitution guarantee that a person brought to trial in any state or federal court must be afforded the right to the assistance of counsel before he can be validly convicted and punished by imprisonment."  Faretta v. California, 422 U.S. 806, 807, 95 S.Ct. 2525, 2527 (1975).  The Sixth Amendment, however, also includes the right to self-representation.  Id. at 831-32, 95 S.Ct. at 2539-40.  The Supreme Court has held that, "[a]lthough a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he

should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Id. at 835, 95 S.Ct. at 2451 (internal quotations and citation omitted). Based upon Faretta, we have indicated that a defendant must clearly and unequivocally assert the right to self-representation. Raulerson v. Wainright, 732 F.2d 803, 808 (11th Cir. 1984). The Faretta standard is satisfied if the trial record shows that the defendant knowingly and voluntarily elected to represent himself. Nelson v. Alabama, 292 F.3d 1291, 1295 (11th Cir. 2002).

The district court correctly concluded that the state courts' decisions related to Morris's representation of himself were not contrary to or an unreasonable application of federal law, or based on an unreasonable determination of the facts in light of the evidence presented. Contrary to Morris's assertions, he clearly and unequivocally rejected counsel during the course of his trial, and asserted his right to represent himself. The record reflects that the trial judge conducted a full inquiry on the matter, repeatedly advised Morris of his right to counsel and cautioned him about the danger of representing himself. Yet Morris would not accept the appointment of any lawyer, including private counsel. Furthermore, Morris informed the court that he had twelve years of schooling and a high school diploma and that he had read several books about the law. Consequently, Morris's

4

Sixth and Fourteenth Amendment rights were not violated when the trial court

permitted him to represent himself at trial, and we affirm.

**AFFIRMED.**